IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD CHRISTENSON,<br><br>Plaintiff,<br><br>vs.<br><br>MARIAH EASTMAN,<br><br>Defendant. | CV 18-00034-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Richard Christenson, a prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and proposed complaint (Doc. 2). The motion to proceed in forma pauperis will be granted. The Complaint, however, fails to state a federal claim for relief and should be dismissed.

**I. Motion to Proceed in Forma Pauperis**

Mr. Christenson's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Because he is incarcerated, Mr. Christenson must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Christenson submitted an account statement showing average monthly deposits of $468.83 over the six-month period immediately preceding the filing of his Complaint (August 12, 2017 - February 12, 2018). (Doc. 1-1.)

1

Therefore, an initial partial filing fee of $93.77 will be assessed by this Order. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Christenson to collect the initial partial filing fee from his prison account and forward it to the Clerk of Court.

Mr. Christenson will be required to pay the remainder of the fee in installments by making monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Christenson must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Bruce v. Samuels*, __ U.S. __, 136 S.Ct 627, 629 (2016). By separate order, the Court will direct the facility where Mr. Christenson is held to forward payments from Mr. Christenson's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A

### A. Standard

Mr. Christenson is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections

1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Mr. Christenson is bringing claims against his public defender Mariah Eastman. Mr. Christenson argues that Ms. Eastman failed to obtain his out of state

mental health records while his criminal case was pending and refused to send him the state's discovery showing what exculpatory evidence the state proposed to use. He claims his Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated. (Complaint, Doc. 2.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In *Polk County v. Dodson,* 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Consequently, Mr. Christenson cannot state a federal claim against Ms. Eastman because she is not a state actor.

In addition, to the extent that Mr. Christenson seeks to challenge his criminal conviction, his claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Mr. Christenson's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction. As Mr. Christenson's conviction has not been reversed, declared invalid, expunged, or called into question, his claims are barred by *Heck*.

To the extent Mr. Christenson wishes to challenge the fairness of his trial and the validity of his conviction, he must raise those challenges by way of writ of habeas corpus under 28 U.S.C. § 2254, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 500 (1973).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Christenson's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on March 1, 2018.

3. At all times during the pendency of this action, Mr. Christenson shall immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Christenson may file objections to these Findings and Recommendations within 14 days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of March, 2018.

                                                                     /s/ John Johnston
                                                                     John Johnston
                                                                     United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail)... 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Christenson is being served by mail, he is entitled an additional three days after the period would otherwise expire.